# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KA-00971-COA

**MARTERIUS C. SANDERS A/K/A MARTERIUS SANDERS A/K/A MARTERIOUS SANDERS A/K/A GREG A/K/A "G"**　　　　　　　　　　　　**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**　　　　　　　　　　　　　　　　　　**APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/28/2015 |
| TRIAL JUDGE: | HON. THOMAS J. GARDNER III |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA BYRD JASON L. DAVIS |
| DISTRICT ATTORNEY: | J. TRENT KELLY |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF ONE COUNT OF TRANSFER OF A CONTROLLED SUBSTANCE AND SENTENCED AS A HABITUAL OFFENDER TO EIGHT YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, AND TO PAY A FINE OF $1,000 AND RESTITUTION OF $870 |
| DISPOSITION: | AFFIRMED – 02/14/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**LEE, C.J., ISHEE AND GREENLEE, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1.　　On May 28, 2015, a jury impaneled in Lee County Circuit Court found Marterius

Sanders guilty on one count of transfer of a controlled substance. Sanders was sentenced to eight years in the custody of the Mississippi Department of Corrections (MDOC), as a "nonviolent" habitual offender. The large majority of the evidence presented against Sanders at trial was the product of an undercover sting operation. On appeal, Sanders contends that the video footage from the sting operation contained inadmissible hearsay and was erroneously admitted at trial, in violation of the Confrontation Clause of the Sixth Amendment to the United States Constitution. Additionally, Sanders asserts a claim of ineffective assistance of counsel. While we find that the circuit court erred in admitting the hearsay evidence in violation of the Confrontation Clause, we find that the error was harmless. We further find that Sanders's claim of ineffective assistance of counsel is without merit. Thus, we affirm.

**FACTS**

¶2. On September 11, 2014, Chris Brown, a multijurisdictional narcotics agent, mobilized James White, an undercover confidential informant (CI), to purchase $200 worth of crack cocaine from a female named Karashawanna Fields. White was given the money to purchase the drugs and was fitted with an audio-video recording device. When White called Fields to verify their meeting location, Fields changed the rally point to a nearby apartment complex instead. When White arrived at the location, the video recording captured him interacting with a black male—later identified as Sanders—and exchanging the $200 for an item later confirmed to be 1.65 grams of crack cocaine. The video showed Sanders approach White, give him a clear plastic bag with a white substance inside, shake White's hand, and walk

away.

¶3.     After the transaction was complete, White called and notified Agent Brown and then traveled to Agent Brown's office.  Upon arriving at the office, White participated in the postsale interview conducted by Agent Brown.  The video-recording device remained on and recorded White tell Agent Brown that he purchased the cocaine from a man named "G" or "Greg."  Subsequently, Agent Brown conducted an investigation, and through various statements and identifications by other witnesses, including fellow officer J.B. Long, he determined that "Greg" was Sanders.

¶4.     Before trial, Sanders's defense attorney moved for the audio-video recording evidence to be suppressed, alleging that it was inadmissible hearsay and a violation of the Confrontation Clause.  The circuit court denied Sanders's motion in limine.

¶5.     At trial, the prosecution admitted photographs taken from the audio-video recording. The photographs depicted Sanders and the white substance clearly.  The prosecution also admitted the audio-video recording into evidence over the defense's contemporaneous hearsay, Confrontation Clause, and unauthenticated-evidence objections.  Agent Brown testified that he "remained a block or two over" from the "buy" spot, and he kept "loose surveillance" on the area during the operation.  Agent Brown further testified, without an objection, that with help from Officer Long he was able to determine that "Greg" was Sanders.

¶6.     Sanders testified in his own defense and confirmed that on September 11, 2014, he was at the apartment where the CI purchased the crack cocaine.  He further testified that he

was visiting Fields, who he knew was a drug dealer, and that she asked him to get a substance off the table and bring it to her. He testified that he did so, but that he was not paying attention to what was in the small plastic bag. Sanders maintained that he gave the substance to Fields, not White, and that Fields gave the substance to the CI. Sanders denied being called "G" and denied receiving any money as part of a transaction.

¶7.    After a few hours of deliberation, the jury returned a guilty verdict on one count of transfer of a controlled substance. Sanders was sentenced as a nonviolent habitual offender and received a sentence of eight years in the custody of the MDOC.

## DISCUSSION

### I.    *Confrontation Clause*

¶8.    Confrontation Clause objections are reviewed de novo. *Johnson v. State*, 155 So. 3d 733, 739 (¶8) (Miss. 2014). Upon review, if a Confrontation Clause violation is found, the violation is subject to a harmless-error analysis. *Conners v. State*, 92 So. 3d 676, 684 (¶20) (Miss. 2012) (citing *Corbin v. State*, 74 So. 3d 333, 338 (¶13) (Miss. 2011)); *see also Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986)).

¶9.    The Sixth Amendment to the United States Constitution states that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The Confrontation Clause confers a right upon the accused to confront "those who 'bear testimony'" against him. *Crawford v. Washington*, 541 U.S. 36, 51 (2004). Testimonial statements of a witness who does not testify at trial are inadmissible unless the witness is unavailable, and the defendant had a prior opportunity for

4

cross-examination. *Id*. at 68. In *Davis v. Washington*, 547 U.S. 813, 822 (2006), the United States Supreme Court delineated when a statement made during a police interrogation is testimonial:

> [S]tatements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. Statements are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*Smith v. State*, 986 So. 2d 290, 297 (¶21) (Miss. 2006) (citing *Davis,* 547 U.S. at 822).

¶10. In the case at bar, White met Agent Brown at a designated spot to discuss the transaction and to turn over the crack cocaine acquired as part of the operation. In accordance with procedure, Agent Brown asked White various questions regarding the operation and White replied accordingly. White made a testimonial statement that a man named "G" sold him the drugs. White's statement, coupled with additional investigation by Agent Brown, identified Sanders as the man who sold White the 1.65 grams of crack cocaine.

¶11. White's declaration identifying Sanders as the man who sold him drugs amounts to a testimonial statement as defined by *Davis*. When the statement was made, there was no ongoing police emergency. Further, the purpose of the statement was clearly to "establish or prove past events potentially relevant to later criminal prosecution." *Id*. Thus, White's statement to Agent Brown was testimonial.

¶12. White's statement identifying Sanders was played at trial and in the presence of the jury. However, prior to trial, White was killed, and Sanders never had a previous opportunity

to cross-examine him about the statement. Because White's statement was testimonial, and Sanders never had the opportunity to cross-examine White, the circuit court erred when it admitted White's statement in violation of the Confrontation Clause of the Sixth Amendment.

¶13. However, this Court's inquiry does not cease with the determination that the circuit court erred; we must also examine whether such an admission was merely harmless error. "[A]n otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." *Van Arsdall*, 475 U.S. at 681. Where the improperly admitted evidence is "largely cumulative of other evidence before the jury," and the evidence presented against the defendant, taken as a whole, is "overwhelming," the error may be harmless. *Conners*, 92 So. 3d at 685 (¶21); *see also Burdette v. State*, 110 So. 3d 296, 303 (¶8) (Miss. 2013). Errors are not harmless if they resulted in a manifest miscarriage of justice against the defendant. *Conners*, 92 So. 3d at 684 (¶20).

¶14. Sanders asserts that he was substantially prejudiced when the portion of the video recording that contained White's statement was admitted into evidence and published to the jury. However, after admitting and publishing the video, the circuit court admitted still photographs submitted by the State of screen-shots from the video. The photographs clearly show Sanders's face from multiple angles. The photographs also clearly show Sanders transfer White a small plastic bag containing the white substance later determined to be 1.65 grams of crack cocaine.

¶15.    Further, Officer Long, an investigator with the Verona Police Department, positively

identified Sanders from the still photographs he was shown—not from White's statement in

the video recording. At trial, Officer Long testified that several years prior to this incident,

he worked as the director of an alternative school in Verona, and that Sanders was a student

at the school. Officer Long further testified that Agent Brown showed him several still

photographs of a young black male, and asked him if he knew who the male in the pictures

was. Officer Long informed the jury that he identified Sanders from the pictures because of

his extensive interaction with him over the years.

¶16.    Reviewing the record, on the whole, we find the visual footage from the video

recording, the still photographs, and the identification by Officer Long overwhelmingly

establish that Sanders was the man who transferred the crack cocaine to White. Therefore,

we find that the circuit court's error in admitting White's statement was a harmless one, and

as such, no manifest miscarriage of justice occurred; thus, we find no merit to the issue.

### II.    *Ineffective Assistance of Counsel*

¶17.    In this issue, Sanders alleges that his trial counsel's performance was deficient and

prejudicial in three ways: (1) he failed to further object to hearsay evidence elicited from the

video recording that was played during Agent Brown's testimony; (2) he failed to object to

irrelevant evidence; and (3) he failed to request a "mere presence" jury instruction.

Rule 22(b) of the Mississippi Rules of Appellate Procedure provides:

> Issues which may be raised in post-conviction proceedings may also be raised
> on direct appeal if such issues are based on facts fully apparent from the
> record. Where the appellant is represented by counsel who did not represent
> the appellant at trial, the failure to raise such issues on direct appeal shall

constitute a waiver barring consideration of the issues in post-conviction proceedings.

And the Mississippi Supreme Court has held:

> It is unusual for [an appellate c]ourt to consider a claim of ineffective assistance of counsel when the claim is made on direct appeal. This is because we are limited to the trial court record in our review of the claim[,] and there is usually insufficient evidence within the record to evaluate the claim . . . . [W]here the record cannot support an ineffective assistance of counsel claim on direct appeal, the appropriate conclusion is to deny relief, preserving the defendant's right to argue the same issue through a petition for post-conviction relief. [An appellate c]ourt will rule on the merits on the rare occasions where (1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge.

*Wilcher v. State*, 863 So. 2d 776, 825 (¶171) (Miss. 2003) (internal citations and quotations omitted).

¶18. Upon review, the record does not affirmatively indicate that Sanders received ineffective assistance of constitutional dimensions. Nor have the parties stipulated that the record is adequate to allow us to make findings without considering a trial judge's findings of fact. As a result, we decline to address this issue. Thus, we dismiss Sanders's claims under this heading without prejudice to his ability to raise them in postconviction proceedings, if he chooses to do so.

## CONCLUSION

¶19. The circuit court erred in admitting White's hearsay statements at trial. The admission of such statements violated Sanders's Sixth Amendment right to confront the witnesses against him under the Confrontation Clause of the United States Constitution. However,

reviewing the record as a whole, we find the evidence of guilt was overwhelming, the improper evidence was cumulative of properly admitted evidence, and no manifest miscarriage of justice resulted. Therefore, we find the circuit court's error to be harmless, and we affirm the jury's verdict of guilt. We additionally dismiss without prejudice Sanders's ineffective-assistance-of-counsel claim for the reasons stated above.

¶20. **THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT OF CONVICTION OF ONE COUNT OF TRANSFER OF A CONTROLLED SUBSTANCE AND SENTENCE AS A HABITUAL OFFENDER OF EIGHT YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, AND TO PAY A FINE OF $1,000 AND RESTITUTION OF $870, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR. WESTBROOKS, J., NOT PARTICIPATING.**