# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-KA-01621-COA

**CLARENCE LEE LOWE, JR. A/K/A CLARENCE**                    **APPELLANT**
**LOWE A/K/A CLARENCE LOWE, JR.**

**v.**

**STATE OF MISSISSIPPI**                                        **APPELLEE**

DATE OF JUDGMENT:              10/04/2019
TRIAL JUDGE:                  HON. JON MARK WEATHERS
COURT FROM WHICH APPEALED:    FORREST COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       OFFICE OF STATE PUBLIC DEFENDER
                              BY: HUNTER NOLAN AIKENS
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: LAUREN GABRIELLE CANTRELL
DISTRICT ATTORNEY:            LIN CARTER
NATURE OF THE CASE:           CRIMINAL - FELONY
DISPOSITION:                  AFFIRMED - 02/08/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE BARNES, C.J., McDONALD AND LAWRENCE, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.     On September 17, 2019, a Forrest County Circuit Court jury convicted Clarence Lee Lowe Jr. of the sale of less than two grams of cocaine within 1,500 feet of a church. The trial court sentenced Lowe, a subsequent drug offender, to serve twenty-four years in the custody of the Mississippi Department of Corrections (MDOC). Following the court's denial of his posttrial motion, Lowe argues on appeal that the trial court's admission of testimony by a police officer regarding an unavailable confidential informant's statements violated his right to confront witnesses against him under the Sixth Amendment and was not admissible under

the Mississippi Rules of Evidence. He also claims the trial judge should have issued a limiting instruction. Although we do find the testimony at issue violated the Sixth Amendment's Confrontation Clause, we find the testimony's admission was harmless error. Regarding the remaining issues, defense counsel's failure to bring those alleged errors to the trial court's attention waives them for the purpose of appeal. Notwithstanding, we find those issues are without merit. Accordingly, we find no reversible error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. On January 23, 2018, Officer Gregory Holliman of the Hattiesburg Police Department[1] coordinated with a confidential informant (CI) to conduct a controlled buy of crack cocaine from Lowe at the Highland Square Apartments. Officer Holliman provided the CI money and searched her for any contraband. He equipped the CI with a video camera and an audio system, which allowed law enforcement to listen to live audio of the controlled buy through the CI's cell phone. Officer Holliman drove the CI to the apartment complex, and the CI dialed the number to begin the audio recording. Other officers were situated in the apartment's parking lot to ensure the CI's safety. The CI went into an apartment with a man later identified as Lowe. Once inside, the CI gave Lowe money in exchange for crack cocaine. The CI then left the apartment and called Officer Holliman to pick her up. The CI handed Officer Holliman the crack cocaine, which he put in an evidence bag. He turned off

---

[1] Officer Holliman was assigned to the Federal Bureau of Investigations' Safe Streets Task Force and the Twelfth Circuit Court District's Metro Narcotics Enforcement Team (MNET).

the recording equipment and conducted a pat-down of the CI.

¶3.    A Forrest County grand jury indicted Lowe for conspiracy to sell a controlled substance (Count I) on January 23, 2018, in violation of Mississippi Code Annotated section 97-1-1(1) (Rev. 2014); the sale of a controlled substance within 1,500 feet of a church (Count II) on January 23, 2018, in violation of Mississippi Code Annotated sections 41-29-139(a)(1) and 41-29-142(1) (Rev. 2014); conspiracy to sell a controlled substance (Count III) on May 21, 2018; and the sale of a controlled substance (cocaine) within 1,500 feet of a church (Count IV) for a drug transaction on May 21, 2018.  Counts II and IV were severed from the two conspiracy counts (Counts I and III), which were dismissed for insufficiency of the indictment.

¶4.    A jury trial commenced on September 16, 2019.  Noting the CI was not testifying, Lowe's counsel submitted "a motion in limine to keep out the audio and visual recording taken by the [CI,] to keep out the [CI's] written statement, to keep out the recordings made by law enforcement through a cellphone in the [CI's] pocket and to keep out all hearsay testimony of the [CI]."  Defense counsel argued that this evidence was "testimonial" and "subject to cross-examination"; so its admission "violated the [C]onfrontation [C]lause." The State responded that Officer Holliman had worked with the CI in the past, knew Lowe from a subsequent drug deal, and could identify Lowe from the video.  The trial court agreed that the CI's written statement was testimonial and inadmissible on that basis, but the court ruled that the video and audio recordings were admissible.

3

¶5.     Officer Holliman testified that the CI, a "proven" source for "12-15 years," contacted him and said she could buy crack cocaine from Lowe at the Highland Square Apartments, noting she had done so in the past.  The officer, who was familiar with the area, said the apartment complex was approximately 500 feet from a church.  On January 23, 2018, Officer Holliman provided the CI with a recording device and money for the controlled buy.  Once the buy was finished, the CI gave Officer Holliman the drugs, which were sent to the Mississippi Crime Laboratory for analysis.  The officer conducted a pat-down of the CI; no other contraband was found.  Officer Holliman also testified that the same CI conducted a second controlled buy from Lowe at the same address in May 2018.

¶6.     The audio and video recording of the January 2018 controlled buy was played for the jury.  The video depicted Officer Holliman and the CI riding in the officer's undercover truck.  The CI told Officer Holliman that Lowe's apartment number was 21 (although it was later determined that his apartment number was actually 22).  The CI dialed the number that Officer Holliman provided and exited the truck.  She walked up the stairs and turned left, where a man, later identified as Lowe, led her into an apartment.  Once inside, the CI gave Lowe money in exchange for crack cocaine.  Lowe told the CI to "count" the drugs because he did not give refunds.[2]  The pair discussed Lowe's restocking his supply, with the CI's telling him that "my boy" is probably going to want more drugs.  She left the apartment and

_____

[2] Keith McMahan, a drug analyst with the Mississippi Forensics Laboratory, testified that the evidence bag "contained cocaine in the amount of 0.849 gram."

told Officer Holliman that she was ready to be picked up.

¶7. Sergeant Jack Varnado testified that he was the case agent for the controlled buy on January 23, 2018. He was stationed in the apartment complex's parking lot to protect the CI if needed. Sergeant Varnado witnessed Lowe and the CI "enter[] the apartment described to us by the [CI] prior to the controlled purchase[.]" He also testified that he had measured the distance from the apartment to a nearby church and that the distance was less than 1,500 feet.

¶8. Lowe failed to appear for the second day of trial, and efforts to locate him were unsuccessful. The trial judge concluded that Lowe's absence was voluntary and constituted a knowing and intelligent waiver of his right to be present at trial; so the trial continued in his absence. The State rested, and defense counsel moved for a directed verdict, which the court denied. The jury convicted Lowe of Count II.[3] The trial court sentenced Lowe to serve twenty-four years in the custody of the MDOC as a subsequent drug offender under Mississippi Code Annotated section 41-29-147 (Rev. 2018).

¶9. Lowe filed a motion for judgment notwithstanding the verdict or, in the alternative, a new trial, asserting (among other issues) that the trial court "erred in overruling the [d]efendant's objections during testimony by the State's witnesses, thereby allowing inadmissible hearsay[,] . . . [and] [t]hese errors violated the Mississippi Rules of Evidence and [Lowe's] state and federal constitutional rights to a fair trial."

---

[3] Count IV was nolle prosequied.

5

**DISCUSSION**

¶10. Arguing for the motion in limine at the start of the proceedings, Lowe's defense attorney objected to the admission of any hearsay testimony by the unavailable CI witness on the basis that it violated Lowe's right to confront the witnesses against him. Later, Officer Holliman testified that the CI told him she "was familiar with a subject that was selling crack cocaine and that she had made purchases from that individual before. And she told me that she would—that she could buy from this individual on that day on the 23rd." Immediately preceding this statement, defense counsel had raised an objection to the officer's testifying as to what the CI had told him, again asserting that it was inadmissible hearsay. The trial court determined, "Well, I don't know where he's going with it. It may or may not be hearsay. So I'm going to overrule it."

¶11. Lowe claims the trial court erred in allowing Officer Holliman's testimony that the CI had previously bought drugs from Lowe, as it violated his right to confront witnesses under the Confrontation Clause and Mississippi Rules of Evidence 404(b) and 403. Lowe further contends that any error in allowing this specific testimony was not harmless, and he notes that the trial court did not provide a limiting instruction for the jury's consideration of the evidence.

### I. Confrontation Clause

¶12. The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI.

6

The United States Supreme Court held in *Crawford v. Washington*, 541 U.S 36, 53-54 (2004), that this Confrontation Clause bars admission of "testimonial statements" made by a witness not appearing at trial unless that witness was unavailable and the defendant was given a prior opportunity to cross-examine the witness. Although *Crawford* did not provide a "comprehensive definition of testimonial," the Supreme Court noted that "at a minimum," the term applies to "prior testimony at a preliminary hearing, before a grand jury, . . . at a former trial[,] . . . and police interrogations." *Harris v. State*, 242 So. 3d 181, 185 (¶9) (Miss. Ct. App. 2017) (internal quotation marks omitted) (quoting *Crawford*, 541 U.S. at 68). *Crawford* further noted that "[t]he Clause also does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Crawford*, 541 U.S. at 59 n.9; *see also United States v. Octave*, 575 F. App'x 533, 539 (5th Cir. 2014) (unpublished) ("Evidence is only testimonial in nature if it is a declaration made for the purpose of establishing a fact.") (citing *Crawford*, 541 U.S. at 51).

¶13.    The Mississippi Supreme Court has held that "[a] statement is testimonial when it is given to the police or individuals working in connection with the police for the purpose of prosecuting the accused." *Hobgood v. State*, 926 So. 2d 847, 852 (¶12) (Miss. 2006). Likewise, the United States Court of Appeals for the Fifth Circuit has concluded, "Police officers cannot, through their trial testimony, refer to the substance of statements given to them by *nontestifying* witnesses in the course of their investigation, when those statements inculpate the defendant." *Taylor v. Cain*, 545 F.3d 327, 335 (5th Cir. 2008) (emphasis

7

added).

¶14.    Referencing this Court's holding in *Thomas v. State*, 195 So. 3d 843 (Miss. Ct. App. 2016), the trial judge ruled at trial:

> Well, as I appreciate what Officer Holliman is trying to testify to it's not being offered – it's not being offered for the truth for the matter asserted. He's basically testifying. I'm not going to let him *get into any specifics about what she said*, but she's got a right under [the] *Thomas* case. I mean, it's – this officer can clearly give some testimony about why he acted the way he did and why he did what he did. . . . Use it for that limited purpose.

(Emphasis added). Later, prior to the audio and video recordings being played for the jury, the trial judge provided further explanation for his ruling:

> Now, obviously, what occurred on January 23rd of '18 . . . was the beginnings of a law enforcement investigation. And this is the way drug sells and drug investigations are conducted based on my experience and what I know about it.
>
> This *Thomas* case I mentioned was a 2016 Court of Appeals case. . . . And basically this officer testified about his prior conversation with a CI. **And, of course, in the *Thomas* case[,] the CI testified. The CI is not available in this case. To me that doesn't make a sufficient distinction that would require me to not allow that testimony in.** There is a whole line of cases that just says what Officer Holliman testified to earlier about the CI indicating they could so and so was selling drugs and she could make a case. To me that's really not even hearsay in my book because it's not asserted for the truth of the matter. He didn't testify to that for the truth of the matter asserted. That's what the trial is about. He simply made that statement.
>
> . . . So I mean it just explains why the officer and his task force did what they did, and I don't think it's hearsay. And I think that there is just a whole host of cases that say the same thing. **The screw in this case is the confrontation issue.** But *Thomas* cites a whole bunch of cases and I've always consistently allowed testimony in over hearsay objections to allow an officer to testify as to why they took the action they took. And I think I'm right in this case.

(Emphasis added). In *Thomas*, the defendant, Antwain Thomas, was convicted of selling cocaine. *Thomas*, 195 So. 3d at 846 (¶2). A police officer testified at trial that a CI had "told him that she had made contact with Thomas and arranged to buy drugs." *Id*. at 847 (¶10). Thomas argued that this testimony was hearsay. *Id*. Our Court explained, "[T]here are some circumstances where an officer can testify at trial about information provided to him by informants. Those situations include statements explaining actions taken by an officer." *Id*. at (¶11) (internal quotation marks omitted). Accordingly, we determined the officer's testimony was admissible because it explained why law enforcement "met with the CI, searched her vehicle, and gave her cash and a video camera." *Id*. at 848 (¶11). However, as acknowledged by the trial judge in this case, *Thomas* is distinguishable in that the CI testified and was subjected to cross-examination, *see id*. at (¶12); whereas the CI in this case did not testify. Therefore, the Confrontation Clause was not at issue in *Thomas*.

¶15. The trial judge initially ruled that he was "not going to let [Officer Holliman] get into any specifics about what [the CI] said" and that the testimony was to be used for the "limited purpose" of establishing why the officer "acted the way he did." Lowe acknowledges that an officer may offer such statements "to explain the context of the investigation or show why they acted, not for the truth of the matter asserted." *See, e.g.*, *Swindle v. State*, 502 So. 2d 652, 657-58 (Miss. 1987) (holding that "an informant's tip is admissible to the extent required to show why an officer acted as he did and was at a particular place at a particular time"). Yet while "[t]hese statements often provide necessary context where a defendant

9

challenges the adequacy of an investigation[,] . . . absent such claims, there is a questionable need for presenting out-of-court statements because the additional context is often unnecessary, and such statements can be highly prejudicial." *United States v. Kizzee*, 877 F.3d 650, 659 (5th Cir. 2017); *accord United States v. Maher*, 454 F.3d 13, 22 (1st Cir. 2008) (cautioning that "[t]he government's articulated justification—that *any* statement by an informant to police which sets context for the police investigation is not offered for the truth of the statement and thus not within *Crawford*—is impossibly overbroad . . . even in classic hearsay terms" (emphasis added)); *Gochicoa v. Johnson*, 118 F.3d 440, 445 (5th Cir. 1997) ("Although a testifying officer may refer to a tip from a confidential informant in order to show why he happened upon the scene of a crime, the officer may not otherwise relate the substance of that communication to the jury.").

¶16.    Officer Holliman's testimony that the CI informed him she was familiar with Lowe and could buy drugs from him provided sufficient context to explain the reason for the investigation. With regard to the officer's additional testimony—that the CI had bought drugs from Lowe in the past—Lowe asserts that its admission "exceeded the need and permissible scope of explaining his actions by repeating the substance of [the CI's] hearsay statements, which specifically implicated Lowe as [a] drug dealer who had previously sold drugs to her." We agree, finding that this testimony fell outside the scope of the admissible "limited purpose" to demonstrate why the investigation took place.

¶17.    Nevertheless, we find such error is harmless. *See Sanders v. State*, 228 So. 3d 888,

10

890 (¶8) (Miss. Ct. App. 2017) ("Upon review, if a Confrontation Clause violation is found, the violation is subject to a harmless-error analysis."). An error will be deemed harmless "where 'the same result would have been reached had it not existed.'" *Pitchford v. State*, 45 So. 3d 216, 235 (¶71) (Miss. 2010) (quoting *Tate v. State*, 912 So. 2d 919, 926 (¶18) (Miss. 2005)). Here, the State provided overwhelming evidence establishing that Lowe sold the crack cocaine to the CI on January 23, 2018. The audio and video footage from the controlled buy showed the CI meeting with Officer Holliman, being driven to the apartment, and then meeting with Lowe to buy the drugs. The contraband retrieved from the CI immediately after the controlled buy was admitted into evidence through testimony by the crime lab analyst. Still photographs of Lowe from the video, matching his driver's license, were also admitted into evidence to establish the defendant's identity. Lastly, Officer Varnado provided the eyewitness identification of Lowe. We therefore find Lowe suffered no prejudice as a result of this testimony.

## II. Mississippi Rules of Evidence 404(b) and 403

¶18. Lowe also maintains that Officer Holliman's testimony violated Rules 404(b) and 403. Rule 404(b)(1)-(2) provides:

(b) Crimes, Wrongs, or Other Acts.

(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) Permitted Uses. This evidence may be admissible for

11

> another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Rule 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Although Lowe admits "that evidence of prior drug sales may be admissible to show intent to distribute," *see Campbell v. State*, 118 So. 3d 598, 603 (¶12) (Miss. Ct. App. 2012), he notes that he was charged with the sale of a controlled substance, not intent to distribute. Lowe further contends that this testimony did not establish motive. Therefore, he claims that the evidence was not properly admitted and was more prejudicial than probative under Rule 403.

¶19. Because Lowe did not object to this testimony on this specific basis, we find he has waived this argument on appeal.

> "An objection must be made with specificity to preserve error for appeal." *McClain v. State*, 929 So. 2d 946, 950 (¶7) (Miss. Ct. App. 2005). A trial judge cannot cure an error "on a matter which was not presented to him for decision." *Darrell v. State,* 270 So. 3d 49, 56 (¶20) (Miss. Ct. App. 2018) (quoting *Holmes v. State*, 798 So. 2d 533, 537 (¶16) (Miss. 2001)). "If the objection on appeal differs from the objection at trial, the issue is not properly preserved for appellate review." *City of Natchez v. Jackson*, 941 So. 2d 865, 871 (¶14) (Miss. Ct. App. 2006).

*Stevens v. State*, 294 So. 3d 699, 706 (¶33) (Miss. Ct. App. 2020). Waiver notwithstanding, we find the admission of this testimony was not prejudicial to Lowe's defense, as previously discussed.

### III. Limiting Instruction

¶20. Lowe also asserts that "the jury was not provided a limiting instruction explaining the proper and improper purposes for which it may consider the evidence." Mississippi Rule of Evidence 105 states:

> If the court admits evidence that is admissible against a party or for a purpose – but not against another party or for another purpose – the court, unless expressly waived or rebutted, shall restrict the evidence to its proper scope, contemporaneously instruct the jury accordingly, and give a written instruction *if requested*.

(Emphasis added). However, "Rule 105 only requires the judge to offer a limiting instruction, which the defendant is free to 'waive.'" *Curry v. State*, 202 So. 3d 294, 299 (¶16) (Miss. Ct. App. 2016) (citing MRE 105). In this instance, defense counsel did not request a written limiting instruction. Further, when the trial judge failed to instruct the jury contemporaneously with the admission of the statement, defense counsel did not call the matter to the judge's attention. Had he done so, any error could have been rectified at that time. "A trial judge cannot be put in error on a matter which was not presented to him for decision." *Reynolds v. State*, 913 So. 2d 290, 300 (¶37) (Miss. 2005). We further find the absence of any limiting instruction by the court did not deprive Lowe of a fair trial. *See Curry*, 202 So. 3d at 299 (¶16) (recognizing "that the erroneous denial of a limiting instruction is harmless error unless it deprives the defendant of a fair trial") (citing *Robinson v. State*, 940 So. 2d 235, 239 (¶11) (Miss. 2006)). Therefore, we find this argument is without merit.

13

## CONCLUSION

¶21.    Accordingly, we find no reversible error in the trial court's ruling on the admissibility of the evidence and affirm Lowe's conviction and sentence.

¶22.    **AFFIRMED.**

**CARLTON, P.J., GREENLEE, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR.  WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.    WESTBROOKS, McDONALD AND EMFINGER, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**